FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 OCT 31  PM 3: 35

CLERK _M Jauls_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GENERAL PUMP & WELL, INC.,          )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )        CASE NO. CV607-30
LAIBE SUPPLY CORPORATION,           )
CENTERLINE MANUFACTURING            )
COMPANY, and MATRIX DRILLING        )
PRODUCTS COMPANY,                   )
                                    )
        Defendants.                 )
_____)

## O R D E R

The issue before the Court is whether to remand this case to the Superior Court of Tatnall County. After careful consideration, Plaintiff's Motion to Remand is **DENIED** (Doc. 11); "Plaintiff's Objection to the Filing of and Motion to Strike Defendant Matrix Drilling Products Company's Notice of Consent to Removal" is **DENIED AS MOOT** (Doc. 13); and "Plaintiff's Objection to the Filing of and Motion to Strike Defendant Centerline Manufacturing Company's Notice of Removal" is **DENIED** (Doc. 25).

### BACKGROUND

The issue in this case is whether, in a multi-defendant action, the thirty-day time period for removal begins to run with service on the first-served defendant ("the first-served rule"), or whether a later-served

defendant has thirty days from the date of its service to file a notice of removal ("the later-served rule").

On April 27, 2007, Plaintiff General Pump & Well, Inc. filed the instant action in the Superior Court of Tatnall County alleging breach of express and implied warranties. This cause of action arises from Plaintiff's use of a water well drilling unit purchased from Defendant Laibe Supply Corporation ("Laibe"), with component parts manufactured by Defendant Matrix Drilling Products Company ("Matrix") and Defendant Centerline Manufacturing Company ("Centerline").

Defendants Laibe and Matrix were served with the Complaint on April 10, 2007. On May 10, 2007, Laibe filed a Notice of Removal on the basis of diversity of citizenship. It is undisputed that this action meets the requirements for federal court diversity jurisdiction under 28 U.S.C. § 1332. On June 4, 2007, fifty-five days after being served with the Complaint, Matrix filed a Notice of Consent to Removal.

On June 12, 2007, Defendant Centerline was served with the Complaint. Centerline filed a Notice of Removal on July 10, 2007. Defendants Matrix and Laibe provided written consent to this removal the same day.

Plaintiff has moved to remand the case, arguing that removal was untimely and therefore improper.

2

## ANALYSIS

In a case involving multiple defendants, removal under 28 U.S.C. § 1446(a) requires "unanimity of consent," that is, the timely written consent of all defendants who have been served at the time of removal. Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001). Plaintiff contends that Laibe's removal petition was improper, because Matrix did not consent within thirty days. See Holder v. City of Atlanta, 925 F. Supp. 783, 785 (N.D. Ga. 1996)(Defendants have thirty days to express unanimity to the court.)[1]

Plaintiff also contends that Centerline's removal petition was untimely, because it was filed more than thirty days after service on the first-served defendant. With respect to Centerline's removal, the issue is whether the Court should adopt the "first-served rule" or the "later-served rule" in determining whether the removal petition was timely.

---

[1] Plaintiff has moved to strike Matrix's Notice of Consent because it was filed more than thirty days after service. Defendants do not dispute that Matrix's consent was untimely. Laibe instead contends that Matrix is a "nominal defendant," and that therefore its consent is not required for proper removal. As a result of the Court's holding regarding the second removal petition, filed by Defendant Centerline, all issues surrounding Laibe's removal petition are moot.

The time period in which a defendant must file a petition for removal is set forth in 28 U.S.C. § 1446(b) as follows:

> The notice . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

However, because § 1446 as written refers only to a single defendant, courts have diverged on the issue of how the thirty-day time limit should be applied to a later-served defendant in a multi-defendant case.  This issue has not been addressed by the Eleventh Circuit, and district courts within this circuit have followed different approaches.

The traditional rule – known as the first-served rule – is that the thirty-day time period runs from service upon the first of multiple defendants.  To comply with the unanimity requirement, all then-served defendants must join a notice of removal within thirty days after service on the first-served defendant.  In other words, a later-served defendant cannot effect removal more than thirty days after service on the first-served defendant, and if a later-served defendant is served more than thirty days after the first-served defendant, then the later-served defendant is precluded from initiating removal.  This approach has been followed by the Fourth and Fifth Circuits and by several

district courts within this circuit.   McKinney v. Bd. of Trs. of Mayland Cmty. Coll., 955 F.2d 924, 926 n.3 (4th Cir. 1992);[2] Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1263 (5th Cir. 1988), relying upon Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir.1986); Holder v. City of Atlanta, 925 F. Supp. 783, 785 (N.D. Ga. 1996); Kuhn v. Brunswick Corp., 871 F. Supp. 1444, 1447 (N.D. Ga. 1994); Schmidt v. Nat'l Org. for Women, 562 F. Supp. 210, 212 (N.D. Fla. 1983).

The courts that follow the first-served rule reason that the rule "follows logically from the unanimity requirement." Brown, 792 F.2d at 482.   "These courts conclude that a defendant who permits the thirty-day removal window to pass cannot later consent to removal by a subsequently served defendant, thus preventing a subsequently served defendant from removing." Bussey v. Modern Welding Co., 245 F. Supp. 2d 1269, 1273-74 (S.D. Ga. 2003), citing Brown, 792 F.2d at 481.   These courts have also emphasized that removal statutes are to be strictly construed against removal, and that the first-served rule

---

[2] The Fourth Circuit adopted the first-served rule, but qualified its application by holding that a later-served defendant has thirty days from the time it is served to consent to a timely removal petition. But to be timely, a removal petition must be filed within thirty days of service on the first-served defendant. McKinney, 955 F.2d at 926.

ensures that the forum for a suit is determined early in the litigation. Brown, 792 F.2d at 482.

More recently, however, the trend in the case law has been toward the later-served rule. The Sixth and Eighth Circuits, several district courts in this circuit, and a court in this district have followed the later-served rule. Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999); C.L.B. v. Frye, 469 F. Supp. 2d 1115, 1119 (M.D. Fla. 2006); Bussey v. Modern Welding Co., 245 F. Supp. 2d 1269 (S.D. Ga. 2003)(J. Bowen); Collings v. E-Z Serve Convenience Stores, Inc., 936 F. Supp. 892, 895 (N.D. Fla. 1996). Under this rule, later-served defendants have thirty days from their date of service to file a notice of removal with unanimous consent of the other defendants, even if the first-served defendant did not file a notice of removal within thirty days of its service. Courts adopting this approach have emphasized the inequity of foreclosing the later-served defendant's right to removal merely because it was not served concurrently. See 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters 3d § 3732, at 339-40 (1998) (noting that under first-served rule,

6

"subsequently served defendants are deprived of the opportunity to persuade the first defendant to join in the notice of removal"). These courts also point out that "to follow the first-served defendant rule would require the placement of the word 'first' in front of 'defendant' in the statute, and Congress would have done so itself had it so intended. Bussey, 245 F. Supp. 2d at 1274 (citing Brierly, 184 F.3d at 533).

In Marano, the most recent circuit decision on this issue, the Eighth Circuit adopted the later-served rule after finding that the "legal landscape in this area [had] been clarified" by the Supreme Court's decision in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Marano, 254 F. 3d at 756. In Murphy Brothers, the defendant received a faxed courtesy copy of the complaint two weeks prior to being officially served. The defendant removed the case to federal court within thirty days of the official service but more than thirty days after receiving the faxed copy of the complaint. After noting the difference between mere notice and official service of process, the Supreme Court held that the time period for removal did not begin until official service. The Court stated, "An individual or entity named as a defendant is

not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."  Murphy Bros., 526 U.S. at 347.  "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."  Id. at 350.  Thus, the Supreme Court emphasized the importance of service in the context of determining the time limits for removal.

The Eighth Circuit concluded that the Supreme Court's decision in Murphy Brothers "portended" a definitive answer to the issue of time limits in a multi-defendant case, and that "if faced with the issue before us today, the Court would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when - or if - previously served defendants had filed such notices."  Marano, 254 F.3d at 756.  For this reason, the Eighth Circuit adopted the later-served rule.  Id. at 757.

After considering the parties' respective positions in the instant case, the Court adopts the later-served rule. Although the first-served rule is the traditional rule - and at one time was the majority rule - the trend of

8

decisions towards the later-served rule demonstrates an emerging consensus in favor of that approach. The Court agrees with the Eighth Circuit that the Supreme Court's decision Murphy Brothers points towards this result. Although district courts in this circuit have not followed a common approach, this Court concurs with the district court from the Southern District of Georgia that has followed the later-served rule. Bussey, 245 F. Supp. 2d at 1274.[3]

In addition, this rule seems to be the most equitable, because it gives each defendant thirty days to file a notice of removal and seek consent from other defendants. It does not foreclose a later-served defendant's opportunity to remove merely because the plaintiff fails to effect prompt service. A plaintiff can guard against the

---

[3] Plaintiff argues that several decisions purporting to adopt the later-served rule, including the Bussey decision in the Southern District of Georgia, applied only to later-joined defendants. In Bussey, the court cited the late joinder of the removing defendant as one reason for following the later-served rule. However, in light of the Supreme Court's decision in Murphy Brothers – holding that service is the event that triggers the running of the removal clock – there is no meaningful distinction between a later-served defendant and a later-joined defendant. In both cases, a later-served defendant (whether initially joined or not) is limited by the first-served rule. And it is the plaintiff's responsibility to promptly join and serve all defendants at the initiation of the lawsuit.

possibility of a later removal by ensuring that all defendants are served promptly at the start of the case.

Under the facts of the instant case, Defendant Centerline filed a Notice of Removal within thirty days of receiving official service of process. Defendants Laibe and Matrix provided written consent within thirty days of service on Centerline. Therefore, under the later-served rule, this action was properly removed within the time limits of § 1446.

Plaintiff argues that even if Centerline's removal petition was timely with respect to service on Centerline, Matrix should not be allowed to resurrect its earlier untimely consent to Laibe's removal petition. Under the later-served rule, however, a first-served defendant can consent to a later-served defendant's removal petition, despite having failed in its own efforts to remove or consent to removal. Brierly, 184 F.3d at 533 n.3. "Given the rule of unanimity, holding otherwise would vitiate the removal application of the later-served defendants and thereby nullify [the rule] that later-served defendants are entitled to 30 days to remove the case to district court." Id. at 534 n.3. Therefore, Matrix's consent to Centerline's removal petition is timely and valid.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand is **DENIED.** (Doc. 11.)   Plaintiff's Objection to Defendant Centerline Manufacturing Company's Notice of Removal is **DENIED.**   (Doc. 25.)   Plaintiff's Objection to Defendant Matrix Drilling Products Company's Notice of Consent to Removal, which applies to Laibe's Notice of Removal, is **DENIED AS MOOT.** (Doc. 13.)

Plaintiff shall have **fifteen days** from the date of this Order to respond to Defendant Laibe's Motion to Dismiss and Defendant Centerline's Motion to Dismiss. Pursuant to the Court's Order dated June 21, 2007, discovery in this action remains stayed.

SO ORDERED this 31ˢᵗ day of October, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA