IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
GENERAL PUMP & WELL, INC.,    )
                              )
     Plaintiff,               )
                              )
v.                            )
                              )   CASE NO. CV607-30
LAIBE SUPPLY CORPORATION,     )
CENTERLINE MANUFACTURING      )
COMPANY, and MATRIX DRILLING  )
PRODUCTS COMPANY,             )
                              )
     Defendants.              )
                              )
```

### O R D E R

Before the Court is Defendant Laibe Supply Corporation's Motion to Dismiss for failure to state a claim, lack of personal jurisdiction, and improper venue, or in the alternative, Motion to Transfer. (Doc. 3.) For the reasons that follow, this action is **TRANSFERRED** to the United States District Court for the Southern District of Indiana, Indianapolis Division.

### BACKGROUND

On April 27, 2007, Plaintiff General Pump & Well, Inc. filed the instant action in the Superior Court of Tatnall County alleging breach of express and implied warranties. This cause of action arises from Plaintiff's use of a well-drilling unit purchased from Defendant Laibe Supply Corporation ("Laibe"), with component parts manufactured by

Defendant Matrix Drilling Products Company ("Matrix") and Defendant Centerline Manufacturing Company ("Centerline"). Plaintiff alleges that the drill and its components were defective, and it seeks rescission of the contract for purchase and a full refund of the purchase price. In the alternative, it seeks special and consequential damages.

Plaintiff General Pump & Well is a Georgia corporation with its place of business in Tattnall County, Georgia. Laibe, the alleged manufacturer and seller of the completed well-drilling unit, is an Indiana corporation with its headquarters in Indianapolis, Indiana. Centerline, the manufacturer of the mud pump component, is a sole proprietorship located in Winnsboro, Texas. Matrix, the manufacturer of the well drilling rods, has its registered agent in Lewisburg, Tennessee.

The purchase contract between Laibe and Plaintiff includes a description of the equipment, a sale price of $438,043.00, the specifications for delivery, and the signatures of the parties. The second page of the contract contains "Additional Terms and Conditions," including the following forum selection clause:

> YOU AGREE THAT THE COURT OF THE STATE OF INDIANA FOR MARION COUNTY OR ANY FEDERAL DISTRICT COURT HAVING JURISDICTION IN THAT COUNTY SHALL HAVE EXCLUSIVE JURISDICTION FOR THE DETERMINATION OF ALL DISPUTES ARISING UNDER THIS CONTRACT.

(Doc. 4, Ex. A.) The contract also specifies that it is governed by Indiana law.

Defendants removed the case to this Court on the basis of diversity of citizenship. On October 31, 2007, this Court held that Centerline's Notice of Removal was proper and that Plaintiff's Motion to Remand should be denied.

Laibe has filed a Motion to Dismiss or to Transfer. First, Defendant "Laibe Supply Corporation" contends that it sold no products or services to Plaintiff and that "Laibe Corporation" is the proper party to this action. Second, Laibe contends that the forum selection clause deprives this Court of personal jurisdiction, and it moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). Third, Laibe maintains that venue is improper because of the forum selection clause, and it urges the Court to dismiss the claims under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). In the alternative, Laibe asks the Court to transfer the case to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) or § 1406(a). Defendant Centerline has also filed a partial Motion to Dismiss on the merits. Plaintiff opposes transfer or dismissal of any of its claims.

The Court finds that the issues of jurisdiction and venue should be determined at the outset. For the reasons that follow, Laibe's Motion to Dismiss is **DENIED**, and the Motion to Transfer is **GRANTED**. Because this case will be transferred, the Court declines to rule on any motions concerning the merits of the case.

## ANALYSIS

### I. The Motion to Dismiss Under the Forum Selection Clause

Laibe first asks the Court to dismiss the claims against it for lack of personal jurisdiction or improper venue based on the forum selection clause, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) and 28 U.S.C. § 1406(a).

When a forum selection clause specifies that an action must be brought in the state or federal courts of a particular state, federal courts have diverged as to which is the proper motion to enforce the clause: 28 U.S.C. § 1404(a) or § 1406(a). Section 1404(a) provides that a district court <u>may transfer</u> a civil action to another district for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Section 1406(a) provides that a district court <u>shall dismiss or transfer</u> a case filed in the "wrong" district or division. 28 U.S.C. § 1406(a).

4

Some courts have reasoned that a forum selection clause can render venue "improper" or "wrong." See, e.g., United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enter., Inc., 62 F.3d 35, 37 (1st Cir. 1995)(affirming dismissal for improper venue under § 1406); Flake v. Medline Indus., Inc., 882 F. Supp. 947, 951-52 (E.D. Cal. 1995). These courts conclude that the proper motion is a motion to dismiss for improper venue under § 1406(a) and/or Rule 12(b)(3). Id. The Supreme Court's decision in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-594, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991), "implicitly" supports this position, because the Court "structured its analysis in terms foreign to § 1404."[1] Flake, 882 F. Supp. at 951-52. The Eleventh Circuit, however, has only applied this approach to cases where the forum selection clause specifies either a state or foreign court, making transfer to another federal court pursuant to § 1404(a) impossible. See, e.g., Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285 (11th Cir. 1998) (dismissal based on choice of English forum). See

---

[1] There is also authority for the proposition that the district court has discretion to dismiss a case under Rule 12(b)(6). Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 297-300 (3rd Cir. 2001)(district court did not abuse discretion by dismissing case, even though transfer is generally better practice).

also Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir. 1992) (same).

In contrast to the above-mentioned approach, other courts have analyzed forum selection clauses under § 1404(a), which provides for transfer. Where, as in this case, a forum selection clause contemplates litigation in another federal forum, these courts have held that the clause does not render venue in the original court improper. See, e.g., Jumara v. State Farm Ins. Co., 55 F.3d 873, 877-79 (3rd Cir. 1995)(holding that if transfer would be to another federal forum, appropriate procedural mechanism for enforcing forum selection clause is § 1404(a)); Digital Envoy, Inc. v. Google, Inc., 319 F. Supp. 2d 1377, 1379 (N.D. Ga. 2004)(same); Thomas v. Rehab. Serv. of Columbus, Inc., 45 F. Supp. 2d 1375, 1378 (M.D. Ga. 1999); Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc., 825 F. Supp. 671, 678-79 (D.N.J. 1993). These courts reason that venue is a federal procedural issue defined by federal statute, and federal venue statues do not expressly provide for consideration of forum selection clauses. Id. at 679. Accordingly, "the fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue but one of contract which will be enforced unless fundamentally unfair." Id. Thus, while

6

a forum selection clause may compel a court to transfer an action, it will not warrant dismissal.

The Supreme Court's decision in <u>Stewart Organization, Inc. v. Ricoh Corporation</u>, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988), lends support to this approach. In <u>Stewart</u>, the Court stated that a forum selection clause should "receive neither dispositive consideration . . . nor no consideration . . ., but rather the consideration for which Congress provided in § 1404(a)." <u>Id.</u> at 31. If the Supreme Court viewed the forum selection clause to render venue improper in the original court, it would have proceeded under § 1406(a), which governs cases filed in a wrong district, and not under § 1404(a), which allows for transfer from one proper division to another more convenient division. 28 U.S.C. § 1406(a). Furthermore, when a case is filed in a "wrong" district, dismissal or transfer is mandatory. <u>Id.</u> Therefore, by holding that the forum selection clause did not automatically warrant either action, the Supreme Court further indicated that the clause did not render venue in the original court improper.[2]

---

[2] The Supreme Court also noted that "[t]he parties do not dispute that the District Court properly denied the motion to dismiss for improper venue under 28 U.S.C. § 1406(a) because respondent does business in the Northern District

In an earlier decision, this Court agreed with the <u>Stewart</u> reasoning and adopted the position that a forum selection clause in a contract does not warrant dismissal for "improper" venue, if venue is otherwise proper and there is another federal forum to which the case could be transferred under the contract. <u>Advantica, Inc. v. Environmental Pipeline Rehab., Inc.</u>, CV505-91 (S.D. Ga. July 31, 2006)(J. Moore). Accordingly, the forum selection clause will be considered in the context of a motion to transfer pursuant to § 1404(a). For these reasons, the Court **DENIES** Defendants' request for dismissal based on the forum selection clause.

## II. The Motion to Transfer

### A. Whether the forum selection clause applies to Plaintiff's claims

In considering the Motion to Transfer, the first issue is whether the forum selection clause applies to Plaintiff's claims. Plaintiff argues that the forum selection clause does not apply to this case because the clause is limited to "disputes arising under this contract." Plaintiff contends that its cause of action is outside the scope of the forum selection clause because the

---

of Alabama." <u>Stewart</u>, 487 U.S. at 29 n.8. The Court supported this conclusion with the following citation: "<u>See</u> 28 U.S.C. § 1391(c) (venue proper in judicial district in which corporation is doing business)." <u>Id.</u>

claims are based on Plaintiff's legal, as opposed to contractual, remedies.

The Eleventh Circuit has given a broad interpretation to forum selection clauses. See, e.g., Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987) (en banc), aff'd and remanded on other grounds, 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)(discussed above). In Stewart, the parties agreed to litigate "any case or controversy arising under or in connection with" their contract in New York. The Eleventh Circuit held that this provision "includes all causes of action arising directly or indirectly from the business relationship evidenced by the contract." Id. at 1070. Accordingly, claims for breach of warranty, fraud, and antitrust were transferred to a New York court along with the contractual claims. Id. The court reasoned that this ruling promoted the orderly and efficient disposition of cases as all claims would be litigated in the contractually contemplated forum. Id. District courts in this circuit, including this Court, have likewise interpreted forum selection clauses to encompass a broad range of claims. See, e.g., Advantica, Inc. v. Envtl. Pipeline Rehab., Inc., CV505-91 (S.D. Ga. July 31, 2006)(J. Moore); Digital Envoy, 319 F. Supp. 2d at 1380; McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1307-08 (M.D.

9

Ga. 2003) ("all disputes arising under this agreement" sufficiently broad to include tort claims and breach of implied warranty claims). See also Kochert v. Adagen Med. Intern., Inc., 491 F.3d 674, 679 (7th Cir. 2007).[3]

In the instant case, all of Plaintiff's claims arise from the sale and use of the well-drilling equipment that was the subject of the contract. Therefore, the forum selection clause applies to all of Plaintiff's claims.

B.   **Whether the clause is valid**

In this case, Plaintiff argues that the terms of the contract are so "fundamentally unfair" as to render the provision unenforceable. However, Plaintiff offers no evidence that the contract terms were non-negotiable or that Laibe possessed inordinate bargaining power in the transaction. The sales agreement was negotiated between two business entities, and in the absence of any evidence of overreaching on the part of Laibe, the Court finds that the forum selection clause is valid. See Security Watch, Inc. v. Sentinel Sys., Inc., 176 F.3d 369, 375 (6th Cir. 1999).

---

[3] Plaintiff also argues that the forum selection clause is "permissive" rather than "mandatory." Because the clause specifies that an Indiana court shall have "exclusive" jurisdiction, the Court finds that the forum selection clause is mandatory. See Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004).

### C. Whether the case should be transferred

When a motion under 28 U.S.C. § 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opposing party bears the burden of establishing that the contractual forum is sufficiently inconvenient to justify retention of the dispute. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989), on remand from Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)(discussed above). Although the circuits give varying weight to forum selection clauses, the Eleventh Circuit gives nearly conclusive weight to such a clause in deciding a § 1404(a) transfer motion.[4] Id. (stating that "while other factors might 'conceivably' militate against a transfer, . . . the clear import of [Stewart] is that the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors"). But a court should also consider other factors, including the convenience of the parties and witnesses and the interest of justice.

---

[4] Georgia law sets forth a similar standard for enforcing forum selection clauses. OFC Capital v. Colonial Distrib., Inc., 285 Ga. App. 815, 817, 648 S.E.2d 140 (2007)("[F]orum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.") Therefore, this case does not raise any conflict between state and federal law.

Here, the contract provides for suit in Indiana. Plaintiff has not suggested that the Indiana forum would be unavailable or would be seriously inconvenient. Because the product was manufactured in Indiana and sold by an Indiana corporation, the Court would anticipate that at least some of the witnesses would be from Indiana. With respect to Plaintiff and Defendant Laibe, there is no indication that a transfer would unreasonably burden Plaintiff or that a transfer would be contrary to the interest of justice.

Plaintiff and Laibe, however, are not the only parties to this action. Defendants Centerline and Matrix manufactured component parts of the drilling unit at issue in this case. The Court must also consider the effects of a transfer on these parties.

The Court finds that it is in the interest of the parties, the witnesses, and judicial economy for this dispute to be resolved in a single lawsuit. The dispute between all four parties is tied together in the sale of the well-drilling unit. Because Centerline and Matrix manufactured component parts that were incorporated into the final product, they should be subject to personal jurisdiction and venue in an Indiana court. Further, neither Centerline nor Matrix has objected to Laibe's

Motion to Transfer. And because neither Centerline nor Matrix is a citizen of either Georgia or Indiana, there is no reason to believe it would be more difficult or inconvenient for them to defend this suit in Indiana. Therefore, after considering the effects of transfer on all parties and the case as a whole, the Court **GRANTS** the Motion to Transfer.

## CONCLUSION

Laibe's Motion to Transfer is **GRANTED**, and the **CLERK OF COURT** is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Southern District of Indiana, Indianapolis Division. Laibe's Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction is **DENIED.** Because this action must be transferred pursuant to 28 U.S.C. § 1404(a), the Court makes no ruling on Laibe's Motion to Dismiss for failure to state a claim or Centerline's Motion to Dismiss.

SO ORDERED this 28th day of December, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA